JAMES W. BRODY (CA SBN 212967)
*jbrody@americanmlg.com*
CHRISTIAN J. MARTINEZ (CA SBN 215360)
*cmartinez@americanmlg.com*
AMERICAN MORTGAGE LAW GROUP, P.C.
75 Rowland Way, Suite 350
Novato, California, 94945
Telephone: (415)878-0030
Facsimile: (415)878-0035

*Attorneys for Defendant,*
*A.K.T. American Capital*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for AMTRUST BANK, <br><br> Plaintiff, <br><br> v. <br><br> A.K.T.  AMERICAN CAPITAL, INC., a California corporation, <br><br> Defendant. | Case No.  2:15-cv-09363-ODW-E <br><br> **ANSWER OF DEFENDANT A.K.T. AMERICAN CAPITAL, INC. TO PLAINTIFF'S COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Defendant A.K.T. AMERICAN CAPITAL, INC. (hereinafter "American Capital"), by and through its undersigned counsel, and for its Answer to the Complaint herein, states as follows:

### SPECIFIC ADMISSIONS AND DENIALS

With respect to the specific allegations of Plaintiff Federal Deposit Insurance Corporation, as Receiver for AmTrust Bank ("Plaintiff"), in its Complaint:

- 1 -

**INTRODUCTION**

1.      American Capital admits that Plaintiff purports to bring this action based on alleged agreements as set forth in Paragraph 1, but denies that any such alleged agreements were breached by American Capital.  American Capital admits that it sold or transferred mortgage loans to AmTrust Bank, formerly known as Ohio Savings Bank ("AmTrust"). American Capital denies the remaining allegations set forth in Paragraph 1.

2.      American Capital denies that it breached any representations and warranties in the agreements as set forth in Paragraph 2, and denies that Plaintiff is entitled to the relief therein requested.

**JURISDICTION AND VENUE**

3.      American Capital has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 3 and on that basis denies those allegations.

4.      American Capital has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 4 and on that basis denies those allegations.

5.      American Capital admits that the Federal Deposit Insurance Corporation ("FDIC") is a corporation and instrumentality of the United States established under the Federal Deposit Insurance Act and is authorized to be appointed as receiver for failed insured depository institutions. American Capital

ANSWER OF DEFENDANT A.K.T. AMERICAN CAPITAL, INC. TO PLAINTIFF'S COMPLAINT

1  has insufficient knowledge or information to form a belief about the truth of the
2
3  remaining allegations made in Paragraph 5 and on that basis denies those
4  allegations.

5      6.      American Capital admits Plaintiff's allegations in Paragraph 6 that
6
7  American Capital is a California corporation with its principal place of business in
8  El Segundo, California, and is a company engaged in the business of processing,
9  packaging, selling, brokering, originating, transferring and/or servicing loans
10
11  secured by real property.

12     7.      American Capital lacks knowledge or information sufficient to form a
13
14  belief about the truth of the allegations made in Paragraph 7 of the Complaint, and
15  on that basis denies them.

16     8.      American Capital lacks knowledge or information sufficient to form a
17
18  belief about the truth of the allegations made in Paragraph 8 of the Complaint, and
19  on that basis denies them.

20     9.      American Capital lacks knowledge or information sufficient to form a
21
22  belief about the truth of the allegations made in Paragraph 9 of the Complaint, and
23  on that basis denies them.

24     10.     American Capital lacks knowledge or information sufficient to form a
25
26  belief about the truth of the allegations made in Paragraph 10 of the Complaint, and
27  on that basis denies them.

28     11.     American Capital lacks knowledge or information sufficient to form a

belief about the truth of the allegations made in Paragraph 11 of the Complaint, and on that basis denies them.

## FIRST CLAIM FOR RELIEF

## BREACH OF CONTRACT FOR BRISKIN LOAN

12.     American Capital re-alleges its responses in the preceding paragraphs as though fully set forth herein.

13.     American Capital lacks knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 13 of the Complaint, and on that basis denies them.

14.     American Capital lacks knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 14 of the Complaint, and on that basis denies them.

15.     American Capital denies the allegations set forth in Paragraph 15 of the Complaint.

16.     American Capital lacks knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 16 of the Complaint, and on that basis denies them.

17.     American Capital lacks knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 17 of the Complaint, and on that basis denies them.

18.     American Capital lacks knowledge or information sufficient to form a

belief about the truth of the allegations made in Paragraph 18 of the Complaint, and on that basis denies them.

19.     American Capital lacks knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 19 of the Complaint, and on that basis denies them.

## SECOND CLAIM FOR RELIEF

## BREACH OF CONTRACT FOR HARVEY LOAN

20.     American Capital re-alleges its responses in the preceding paragraphs as though fully set forth herein.

21.     American Capital lacks knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 21 of the Complaint, and on that basis denies them.

22.     American Capital lacks knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 22 of the Complaint, and on that basis denies them.

23.     American Capital denies the allegations set forth in Paragraph 23 of the Complaint.

24.     American Capital lacks knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 24 of the Complaint, and on that basis denies them.

25.     American Capital lacks knowledge or information sufficient to form a

ANSWER OF DEFENDANT A.K.T. AMERICAN CAPITAL, INC. TO PLAINTIFF'S COMPLAINT

belief about the truth of the allegations made in Paragraph 25 of the Complaint, and on that basis denies them.

26.     American Capital denies the allegations set forth in Paragraph 26 of the Complaint.

27.     American Capital lacks knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 27 of the Complaint, and on that basis denies them.

28.     American Capital lacks knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 28 of the Complaint, and on that basis denies them.

## **AFFIRMATIVE DEFENSES**

Further answering and as affirmative defenses to the allegations contained in Plaintiff's Claims for Relief, American Capital states:

### **First Affirmative Defense - Failure to State a Claim**

The Complaint in its entirety and each and every cause of action therein fails to allege facts sufficient to constitute a cause of action against American Capital.

### **Second Affirmative Defense – Failure to Mitigate Damages**

American Capital alleges that if Plaintiff has sustained, or will sustain, any of the injuries, losses, or damages described in the Complaint, which American Capital denies, then such injuries, losses, or damages were caused solely or in part by the failure of Plaintiff to take reasonable steps available to mitigate such

damages, and to the extent that any such injuries, losses, or damages proven by Plaintiff were caused by Plaintiff's own failure to take reasonable steps available to mitigate such damages, shall not be recoverable against American Capital.

### Third Affirmative Defense – Lack of Causation/Intervening Cause

American Capital alleges that if Plaintiff sustained any injuries, losses, or damages, such injuries, losses, or damages were the result of an intervening cause of another or other parties unknown, acting without authority from American Capital and not from any negligence, fault, breach of duty, or statutory violation by American Capital.

### Fourth Affirmative Defense – Lack of Causation

American Capital alleges that the alleged unlawful acts, omissions, and/or breaches attributed to American Capital in the Complaint, if any there were, were not a substantial factor in bringing about the alleged injuries, losses, or damages to Plaintiff and therefore any such alleged misconduct was not a contributing cause but was superseded by tortious misconduct by one or more third parties whose misconduct was the proximate cause of any alleged injuries, losses, or damages suffered.

### Fifth Affirmative Defense - Waiver

American Capital alleges that Plaintiff has waived and is estopped from asserting any claim against American Capital by its own acts or omissions with respect to the events and/or omissions cited in the Complaint and its failure to

adequately protect its own interests.

### Sixth Affirmative Defense – Proximate Cause

American Capital denies that Plaintiff has suffered any injuries, losses, or damages whatsoever as a proximate result of the acts of American Capital.

### Seventh Affirmative Defense – Defendant's Due Care

American Capital alleges that Plaintiff is barred from recovery because American Capital's conduct was, at all relevant times, within the applicable standard of care.

### Eighth Affirmative Defense – Defendant's Good Faith

American Capital alleges that at all relevant times it acted with utmost good faith and full disclosure.

### Ninth Affirmative Defense – Statute of Limitations

The Complaint, and each alleged cause of action therein, is barred by the applicable statutes of limitation.

### Tenth Affirmative Defense – Set-off

American Capital alleges that Plaintiff's claims are subject to set-off and recoupment.

### Eleventh Affirmative Defense - Indemnification

Should Plaintiff recover damages from American Capital, American Capital is entitled to indemnification and/or contribution, either in whole or in part, from any and all other persons or entities whose conduct may be found to be the

proximate cause of the damages alleged by Plaintiff, if any exist.

### Twelfth Affirmative Defense – Failure to Add Necessary Parties

Plaintiff has failed to join necessary and indispensable parties to this action.

### Thirteenth Affirmative Defense – Plaintiff Not Damaged

Plaintiff has not suffered any actual damages, the existence of which is denied.

### Fourteenth Affirmative Defense – Plaintiff's Breach

American Capital is informed and believes and on the basis of such information and belief alleges that Plaintiff breached its contract, if any there was, with American Capital, and that by reason of said breach of contract, American Capital has been excused of its duties to perform all obligations set forth in said contract.

### **PRAYER FOR RELIEF**

WHEREFORE, American Capital prays as follows:

1.     That Plaintiff take nothing by reason of its Complaint and that judgment be rendered in favor of American Capital;

2.     That American Capital be awarded its costs of suit incurred in defense of this action, including attorney's fees where allowed by law; and

3.     For such other relief as the Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

American Capital demands a trial by jury of all issues so triable.

1 | Dated:  March  17, 2016

2 |                                                                                                                                                    **AMERICAN MORTGAGE LAW**

3 |                                                                                                                                                    **GROUP, P.C.**

4 |

5 |                                                                                                                     By /s/ James W. Brody

6 |                                                                                                                                 James W. Brody, Esq.

7 |     *jbrody@americanmlg.com*

8 |     Christian J. Martinez, Esq.

9 |     *cmartinez@americanmlg.com*

Dated:  March  17, 2016

                                             **AMERICAN MORTGAGE LAW GROUP, P.C.**

By /s/ James W. Brody

    James W. Brody, Esq.
    *jbrody@americanmlg.com*
    Christian J. Martinez, Esq.
    *cmartinez@americanmlg.com*
    75 Rowland Way, Ste. 350
    Novato, CA  94945
    (415) 878-0030
    (415) 878-0035

    **Attorneys for Defendant**
    A.K.T.  American Capital, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 17, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Christian J. Martinez

ANSWER OF DEFENDANT A.K.T. AMERICAN CAPITAL, INC. TO PLAINTIFF'S COMPLAINT